UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 22-238** |
| **TERENCE WILSON**<br>**TRAVIS ENCLADE** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court is Defendant Terence Wilson's motion[1] to continue the October 7, 2024 jury trial. Filed just one week before a trial set over two-and-a-half months ago, Wilson's motion asks the Court to continue Monday's jury trial because Wilson "indicated" to his counsel that Wilson "does not feel adequately prepared" to go to trial on October 7—the ninth trial setting.[2] Wilson's counsel "emphasize[s] that it is [Wilson] who has personally expressed a desire to continue the trial date."[3] Wilson's counsel "acknowledges that the timing of this request . . . is far from ideal," but states that he "feel[s] compelled to make this request" because he is "obligated to abide by [Wilson's] decision concerning the objectives of the representation . . . ."[4]

The Court denies Wilson's motion because, under the totality of the circumstances, Wilson has not shown that a continuance of Monday's jury trial is merited based solely on his "feel[ing]" that he is not "adequately prepared" for a trial

---

[1] ECF No. 86. The motion does not state the position of the government or of Wilson's Co-defendant, Travis Enclade. Because Wilson noticed the motion for submission, however, the Court infers that the motion is opposed.
[2] *Id.* at 2.
[3] *Id.*
[4] *Id.*

date set months ago in this five-count drug-and-gun case that appears to raise no novel factual or legal issues and that has already been continued eight times.[5]

"Trial judges have broad discretion in deciding requests for continuances." *United States v. Boukamp*, 105 F.4th 717, 745 (5th Cir. 2024) (internal quotation marks and citation omitted). "Whether a continuance [is] properly denied depends on the circumstances of the case." *United States v Hopkins*, 916 F.2d 207, 217 (5th Cir. 1990). In weighing Wilson's motion to continue, the Court considers "the totality of the circumstances," including (1) the amount of time available to prepare for trial; (2) Wilson's role in shortening the time available to prepare for trial; (3) the likelihood of prejudice to Wilson if his continuance request is denied; (4) the availability of discovery from the government; (5) the complexity of the case; (6) the experience of Wilson's counsel with Wilson; and (7) the timeliness of the motion to continue. *See Boukamp*, 105 F.4th at 746 (internal quotation marks and citation omitted).[6] As the party requesting the continuance, Wilson has the burden to show that a continuance is merited under these factors. *See United States v. Scott*, 48 F.3d 1389, 1393–94 (5th Cir. 1995).

Considering each of those factors, on balance, the Court finds that Wilson has not shown that a continuance of Monday's jury trial is merited

---

[5] *Id.*

[6] The Fifth Circuit considers one more factor—the adequacy of the defense provided at trial—when deciding if a district court abused its discretion in denying a criminal defendant's motion to continue trial. *See Boukamp*, 105 F.4th at 746. That factor is not applicable here for obvious reasons.

The first factor—the time available to prepare for trial—disfavors a continuance. Wilson has had enough time to prepare for trial. This case was indicted nearly two years ago—in late October 2022.[7] It has already been continued eight times.[8] Wilson has been represented by his current counsel since January 2023.[9] And although a superseding indictment was filed in August 2024, the changes it made would not reasonably impact Wilson's ability to adequately prepare for Monday's trial, and Wilson's motion provides no support for a contrary conclusion.[10]

The second factor—Wilson's role in shortening the time available—is neutral. The record does not compel any clear conclusion on whether the time available to prepare for trial has been shortened by Wilson's conduct.

The third factor—likelihood of prejudice to Wilson—disfavors a trial continuance. Wilson has not identified any prejudice he would suffer if a continuance were denied at this late stage. His motion merely represents that he "feels" that he is unprepared to go to trial on October 7.[11] But Wilson offers no support for that "feel[ing]."[12] He does not explain why he believes he is unprepared or what preparation he would do if the Court granted his last-minute continuance request.

---

[7] ECF No. 23.
[8] ECF Nos. 31, 36, 47, 50, 53, 64, 69, 75.
[9] ECF No. 44.
[10] The superseding indictment does not add new counts; it merely modifies counts one and two to add previously uncharged drugs and drug quantities. *Compare* ECF No. 23 *with* ECF No. 77.
[11] ECF No. 86 at 2.
[12] *Id.*

3

The fourth factor—the availability of discovery—similarly disfavors a continuance. Wilson identifies no deficiencies in the government's handling of discovery. He does not allege that the government failed to provide him any discovery he requested or that the government only recently provided relevant discovery.

The fifth factor—the complexity of this case—disfavors a continuance. This is a five-count, two-defendant drug-and-gun case. Wilson has not identified any novel questions of fact or law that would make his trial preparation particularly arduous.

The sixth factor—the experience of Wilson's counsel with Wilson—disfavors a continuance. Wilson has had the same counsel since January 2023.[13]

The seventh factor—the timeliness of Wilson's continuance request—strongly disfavors a continuance. Wilson moved to continue after the pretrial conference and just one week before a trial date that was set over two-and-a-half months earlier.[14]

\*   \*   \*

After considering the totality of the circumstances, six factors disfavor a continuance, and one factor is neutral. On balance, the Court concludes that Wilson has not shown that a continuance of Monday's jury trial is merited.

---

[13] ECF No. 44.
[14] *Compare* ECF No. 86 (September 30 motion to continue) *with* ECF No. 75 (July 10 notice setting an October 7 trial).

4

Accordingly,

**IT IS ORDERED** that Wilson's motion[15] to continue is **DENIED**.

New Orleans, Louisiana, this 1st day of October, 2024.

                                        BRANDON S. LONG
                                        UNITED STATES DISTRICT JUDGE

---

[15] ECF No. 86.